J. Patrick Holahan, II, Esquire
pat@jpholahan2.com
Attorney I.D. #45679
113 S. Broad Street
P.O. Box 818
Kennett Square, PA  19348
Phone: 610-444-9795
Fax: 610-444-6436

Attorney for Defendant
PT Lasers, LLC

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH CHARLESTON and LARRY CHARLESTON, Plaintiffs | : | |
| | : | CIVIL ACTION NO. 08-5889 |
| v. | : | |
| SALON SECRETS DAY SPA, INC., PT LASERS, LLC, PAMELA A. TROYAN, BARBARA A. LINDNER, and THOMAS J. BURKE, D.O., Defendants | : : : | |

## ANSWER BY DEFENDANT PT LASERS, LLC TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, PT Lasers, LLC, by and through its counsel, J. Patrick Holahan, II, Esquire, files this Answer to Plaintiffs' Amended Complaint and avers the following:

1. Admitted.

2. Admitted.

3. Admitted.

4. This averment is directed to Defendants other than Answering Defendant.

5. This averment is directed to Defendants other than Answering Defendant.

6. Admitted.

7. This averment is directed to Defendants other than Answering Defendant.

8. This averment is directed to Defendants other than Answering Defendant.

9. This averment is directed to Defendants other than Answering Defendant.

10. This averment is directed to Defendants other than Answering Defendant.

11. This averment is directed to Defendants other than Answering Defendant.

1

12.    Admitted.

13.    Denied. On the contrary, it is averred that any and all agreements between Pamela Troyan and Thomas J. Burke, D.O. were oral agreements. Strict proof of any written agreements is demanded at the time of trial.

14.    Denied. On the contrary, it is averred that Dr. Burke entered into a financial agreement to acquire the Harmony System aesthetic work station and sub-leased it to PT Lasers who entered into a separate lease with Salon Secrets Day Spa.

15.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

16.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

17.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

18.    This averment is directed to Defendants other than Answering Defendant.

19.    This averment is directed to Defendants other than Answering Defendant.

20.    This averment is directed to Defendants other than Answering Defendant.

21.    This averment is directed to Defendants other than Answering Defendant.

22.    This averment is directed to Defendants other than Answering Defendant.

23.    This averment is directed to Defendants other than Answering Defendant.

24.    This averment is directed to Defendants other than Answering Defendant.

25.    Denied as a conclusion of law; however, if any of these averments are deemed factual, strict proof is demanded at the time of trial.

26.    This averment is directed to Defendants other than Answering Defendant.

27.    This averment is directed to Defendants other than Answering Defendant.

28.    This is a conclusion of law to which no response is required.

29.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

30.    Admitted.

31.     This is a conclusion of law to which no response is required.

32.     This is a conclusion of law to which no response is required.

33.     This is a conclusion of law to which no response is required.

34.     This is a conclusion of law to which no response is required.

35.     This is a conclusion of law to which no response is required.

36.     It is admitted only that Pamela Troyan is a joint owner of PT Lasers, LLC. The remaining averments of this paragraph are directed to other Defendants.

37.     This averment is directed to Defendants other than Answering Defendant.

38.     It is admitted only that Dr. Burke is a joint owner of PT Lasers, LLC. The remaining averments of this paragraph are directed to other Defendants.

39.     This is a conclusion of law to which no response is required.

40.     This is a conclusion of law to which no response is required.

41.     This is a conclusion of law to which no response is required.

42.     This is a conclusion of law to which no response is required.

43.     This averment is directed to Defendants other than Answering Defendant.

44.     This is a conclusion of law to which no response is required.

45.     This is a conclusion of law to which no response is required.

46.     This is a conclusion of law to which no response is required.

47.     No response required.

48.     This averment is directed to Defendants other than Answering Defendant.

49.     This is a conclusion of law to which no response is required.

50.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

51.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

52.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

53.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

54.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

55.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

56.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

57.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

58.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

59.     This is a conclusion of law to which no response is required.

60.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

61.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

62.     After reasonable investigation Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

63.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

64.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

65.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

66.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

67.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

68.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

69.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

70.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

71.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

72.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

73.     This is a conclusion of law to which no response is required.

74.     This is a conclusion of law to which no response is required.

75.     This is a conclusion of law to which no response is required.

76.     This is a conclusion of law to which no response is required.

77.     This is a conclusion of law to which no response is required.

78.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

79.     This averment is directed to Defendants other than Answering Defendant.

80.     Denied as stated.  On the contrary, it is averred that Pamela Troyan and Dr. Burke formed PT Lasers, LLC.  PT Lasers, LLC entered into an operating agreement with Salon Secrets Day Spa for the clients of Salon.

81.     Denied.  On the contrary, it is averred that Dr. Burke acquired the Harmony System and leased it to PT Lasers, LLC.

82.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

83.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

84.     The Manual is a document that speaks for itself.

85.     The Manual is a document that speaks for itself.

86.     The Manual is a document that speaks for itself.

87.     The Manual is a document that speaks for itself.

88.     The Manual is a document that speaks for itself.

89.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

90.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

91.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

92.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

93.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

94.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

95.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

96.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

97.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

98.     Answering Defendant is without sufficient knowledge to form a belief as to the truth or falsity of this averment and strict proof thereof is demanded at the time of trial.

99.     The Manual is a document that speaks for itself.

100.    The Manual is a document that speaks for itself.

101.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

102.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

103.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

104.    The Manual is a document that speaks for itself.

105.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

106.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

107.    The Manual is a document that speaks for itself.

108.    The Manual is a document that speaks for itself.

109.    This averment is directed to Defendants other than Answering Defendant.

110.    This averment is directed to Defendants other than Answering Defendant.

111.    This averment is directed to Defendants other than Answering Defendant.

112.    This averment is directed to Defendants other than Answering Defendant.

113.    This averment is directed to Defendants other than Answering Defendant.

114.    This averment is directed to Defendants other than Answering Defendant.

115.    This averment is directed to Defendants other than Answering Defendant.

116.   This averment is directed to Defendants other than Answering Defendant.

117.   This averment is directed to Defendants other than Answering Defendant.

118.   This averment is directed to Defendants other than Answering Defendant.

119.   This averment is directed to Defendants other than Answering Defendant.

120.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

121.   This averment is directed to Defendants other than Answering Defendant.

122.   This averment is directed to Defendants other than Answering Defendant.

123.   Denied.

124.   This averment is directed to Defendants other than Answering Defendant.

125.   This averment is directed to Defendants other than Answering Defendant.

126.   This averment is directed to Defendants other than Answering Defendant.

127.   This averment is directed to Defendants other than Answering Defendant.

128.   This averment is directed to Defendants other than Answering Defendant.

129.   This averment is directed to Defendants other than Answering Defendant.

130.   This averment is directed to Defendants other than Answering Defendant.

131.   This averment is directed to Defendants other than Answering Defendant.

132.   This averment is directed to Defendants other than Answering Defendant.

133.   This averment is directed to Defendants other than Answering Defendant.

134.   This averment is directed to Defendants other than Answering Defendant.

135.   This averment is directed to Defendants other than Answering Defendant.

136.   This averment is directed to Defendants other than Answering Defendant.

137.   This averment is directed to Defendants other than Answering Defendant.

138.   This averment is directed to Defendants other than Answering Defendant.

139.   This averment is directed to Defendants other than Answering Defendant.

140.   This averment is directed to Defendants other than Answering Defendant.

141.   This averment is directed to Defendants other than Answering Defendant.

142.   This averment is directed to Defendants other than Answering Defendant.

143.   This averment is directed to Defendants other than Answering Defendant.

144.   This averment is directed to Defendants other than Answering Defendant.

145.   This averment is directed to Defendants other than Answering Defendant.

146.   This averment is directed to Defendants other than Answering Defendant.

147.   This averment is directed to Defendants other than Answering Defendant.

148.   This averment is directed to Defendants other than Answering Defendant.

149.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

150.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

151.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

152.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

153.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

154.   This is a conclusion of law to which no response is required.

155.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

156.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

157.   This averment is directed to Defendants other than Answering Defendant.

158.   This averment is directed to Defendants other than Answering Defendant.

159.   This averment is directed to Defendants other than Answering Defendant.

160.   This averment is directed to Defendants other than Answering Defendant.

161.   This averment is directed to Defendants other than Answering Defendant.

162. This averment is directed to Defendants other than Answering Defendant.

163. This averment is directed to Defendants other than Answering Defendant.

164. This is a conclusion of law to which no response is required.

165. This is a conclusion of law to which no response is required.

166. This is a conclusion of law to which no response is required.

167. This averment is directed to Defendants other than Answering Defendant.

168. This is a conclusion of law to which no response is required.

169. This is a conclusion of law to which no response is required.

170. This is a conclusion of law to which no response is required.

171. This is a conclusion of law to which no response is required.

172. This averment is directed to Defendants other than Answering Defendant.

173. This averment is directed to Defendants other than Answering Defendant.

174. This averment is directed to Defendants other than Answering Defendant.

175. This averment is directed to Defendants other than Answering Defendant.

176. This averment is directed to Defendants other than Answering Defendant.

177. This averment is directed to Defendants other than Answering Defendant.

178. This averment is directed to Defendants other than Answering Defendant.

179. This averment is directed to Defendants other than Answering Defendant.

180. This averment is directed to Defendants other than Answering Defendant.

181. This averment is directed to Defendants other than Answering Defendant.

182. This averment is directed to Defendants other than Answering Defendant.

183. This averment is directed to Defendants other than Answering Defendant.

184. This averment is directed to Defendants other than Answering Defendant.

185. This averment is directed to Defendants other than Answering Defendant.

186. This averment is directed to Defendants other than Answering Defendant.

187. This averment is directed to Defendants other than Answering Defendant.

188. This averment is directed to Defendants other than Answering Defendant.

189. This averment is directed to Defendants other than Answering Defendant.

190.    This is a conclusion of law to which no response is required.

191.    This is a conclusion of law to which no response is required.

192.    This averment is directed to Defendants other than Answering Defendant.

193.    This averment is directed to Defendants other than Answering Defendant.

194.    This averment is directed to Defendants other than Answering Defendant.

195.    This averment is directed to Defendants other than Answering Defendant.

196.    This averment is directed to Defendants other than Answering Defendant.

197.    This averment is directed to Defendants other than Answering Defendant.

198.    This averment is directed to Defendants other than Answering Defendant.

199.    This averment is directed to Defendants other than Answering Defendant.

200.    This averment is directed to Defendants other than Answering Defendant.

201.    This averment is directed to Defendants other than Answering Defendant.

202.    This averment is directed to Defendants other than Answering Defendant.

203.    This averment is directed to Defendants other than Answering Defendant.

204.    This averment is directed to Defendants other than Answering Defendant.

205.    This averment is directed to Defendants other than Answering Defendant.

206.    This averment is directed to Defendants other than Answering Defendant.

207.    This averment is directed to Defendants other than Answering Defendant.

208.    This averment is directed to Defendants other than Answering Defendant.

209.    This averment is directed to Defendants other than Answering Defendant.

210.    This averment is directed to Defendants other than Answering Defendant.

211.    This averment is directed to Defendants other than Answering Defendant.

212.    This averment is directed to Defendants other than Answering Defendant.

213.    This averment is directed to Defendants other than Answering Defendant.

214.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

215.    No response required.

216.    This is a conclusion of law to which no response is required.

11

217.   This is a conclusion of law to which no response is required.

218.   This is a conclusion of law to which no response is required.

219.   This is a conclusion of law to which no response is required.

220.   This is a conclusion of law to which no response is required.

221.   This averment is directed to Defendants other than Answering Defendant.

222.   This is a conclusion of law to which no response is required.

223.   This averment is directed to Defendants other than Answering Defendant.

224.   This is a conclusion of law to which no response is required.

225.   This is a conclusion of law to which no response is required.

226.   Answering Defendant specifically denies any negligence on its part and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and the same are therefore denied and strict proof thereof is demanded at the time of trial.

227.   This is a conclusion of law to which no response is required.

228.   This is a conclusion of law to which no response is required.

229.   Denied as to all averments and strict proof thereof is demanded at the time of trial.. It specifically denied that PT Lasers, LLC was the entity that acquired the Harmony device. On the contrary, it is averred that Dr. Burke acquired the Harmony device and leased it to PT Lasers, LLC.

230.   Denied. It is denied that Barbara Lindner acted as agent for PT Lasers, LLC.

231.   This averment is directed to Defendants other than Answering Defendant.

232.   This averment is directed to Defendants other than Answering Defendant.

233.   This is a conclusion of law to which no response is required.

234.   This is a conclusion of law to which no response is required.

235.   This is a conclusion of law to which no response is required.

236.   This is a conclusion of law to which no response is required.

237.   This is a conclusion of law to which no response is required.

238.   This is a conclusion of law to which no response is required.

239.   No response required.

240.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

241.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

242.    The manual is a document which speaks for itself.

243.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

244.    This averment is directed to Defendants other than Answering Defendant.

245.    This averment is directed to Defendants other than Answering Defendant.

246.    This averment is directed to Defendants other than Answering Defendant.

247.    This is a conclusion of law to which no response is required.

248.    This is a conclusion of law to which no response is required.

249.    Denied as to Answering Defendant who had no control over the equipment at the time it was used and strict proof thereof is demanded at the time of trial.

250.    This averment is directed to Defendants other than Answering Defendant.

251.    This is a conclusion of law to which no response is required.

252.    This is a conclusion of law to which no response is required.

253.    This is a conclusion of law to which no response is required.

254.    This is a conclusion of law to which no response is required.

255.    This is a conclusion of law to which no response is required.

256.    This averment is directed to Defendants other than Answering Defendant.

257.    This averment is directed to Defendants other than Answering Defendant.

258.    This averment is directed to Defendants other than Answering Defendant.

259.    This averment is directed to Defendants other than Answering Defendant.

260.    This is a conclusion of law to which no response is required.

261.    Denied as a conclusion of law to which no response is required.  It specifically is denied that PT Lasers, LLC acquired the device.  On the contrary, it is averred that Dr. Burke acquired the devise

13

and leased it to PT Lasers, LLC.  However, if any of these averments are deemed factual, strict proof thereof is demanded at the time of trial.

262.   Denied as a conclusion of law to which no response is required.

263.   This is a conclusion of law to which no response is required.

264.   No response required.

265.   This is a conclusion of law to which no response is required.

266.   This is a conclusion of law to which no response is required.

267.   This is a conclusion of law to which no response is required.

268.   Denied as a conclusion of law to which no response is required.  It specifically is denied that PT Lasers, LLC concealed any information as it had no control over the device.  However, if any of these averments are deemed factual, strict proof thereof is demanded at the time of trial.

269.   Denied as a conclusion of law to which no response is required.

270.   This averment is directed to Defendants other than Answering Defendant.

271.   This averment is directed to Defendants other than Answering Defendant.

272.   This is a conclusion of law to which no response is required.

273.   This is a conclusion of law to which no response is required.

274.   This averment is directed to Defendants other than Answering Defendant.

275.   This averment is directed to Defendants other than Answering Defendant.

276.   This averment is directed to Defendants other than Answering Defendant.

277.   This averment is directed to Defendants other than Answering Defendant.

278.   This averment is directed to Defendants other than Answering Defendant.

279.   This averment is directed to Defendants other than Answering Defendant.

280.   This averment is directed to Defendants other than Answering Defendant.

281.   This averment is directed to Defendants other than Answering Defendant.

282.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

283.   This is a conclusion of law to which no response is required.

284.   This is a conclusion of law to which no response is required.

285.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

286.    This is a conclusion of law to which no response is required.

287.    This is a conclusion of law to which no response is required.

288.    No response required.

289.    This averment is directed to Defendants other than Answering Defendant.

290.    This is a conclusion of law to which no response is required.

291.    This is a conclusion of law to which no response is required.

292.    This is a conclusion of law to which no response is required.

293.    This is a conclusion of law to which no response is required.

294.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

295.    This is a conclusion of law to which no response is required.

296.    No response required.

297.    This averment is directed to Defendants other than Answering Defendant.

298.    This is a conclusion of law to which no response is required.

299.    This is a conclusion of law to which no response is required.

300.    This is a conclusion of law to which no response is required.

301.    This is a conclusion of law to which no response is required.

302.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

303.    This is a conclusion of law to which no response is required.

304.    No response required.

305.    This is a conclusion of law to which no response is required.

306.    This is a conclusion of law to which no response is required.

307.    This is a conclusion of law to which no response is required.

308.    This is a conclusion of law to which no response is required.

309.    This averment is directed to Defendants other than Answering Defendant.

310.   This averment is directed to Defendants other than Answering Defendant.

311.   This averment is directed to Defendants other than Answering Defendant.

312.   This is a conclusion of law to which no response is required.

313.   This is a conclusion of law to which no response is required.

314.   This is a conclusion of law to which no response is required.

315.   This is a conclusion of law to which no response is required.

316.   This is a conclusion of law to which no response is required.

317.   This is a conclusion of law to which no response is required.

318.   This is a conclusion of law to which no response is required.

319.   This is a conclusion of law to which no response is required.

320.   This is a conclusion of law to which no response is required.

321.   No response required.

322.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

323.   This is a conclusion of law to which no response is required.

324.   No response required.

325.   This is a conclusion of law to which no response is required.

326.   This is a conclusion of law to which no response is required.

327.   This is a conclusion of law to which no response is required.

328.   This averment is directed to Defendants other than Answering Defendant.

329.   This is a conclusion of law to which no response is required.

330.   This averment is directed to Defendants other than Answering Defendant.

WHEREFORE, PT LASERS, LLC respectfully requests that Plaintiffs' claims against PT Lasers, LLC be dismissed.

### NEW MATTER TO COMPLAINT

1.  Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

2.  Plaintiffs' claims are barred due to lack of privity.

3.  Plaintiffs' claims are barred by the Statute of Frauds.

4.  Plaintiffs' damages, if any, were caused by individuals and/or factors for whom and for which Answering Defendant is not responsible, and over whom and which Answering Defendant had any control or duty to control.

WHEREFORE, PT LASERS, LLC respectfully requests that Plaintiffs' claims against PT Lasers, LLC be dismissed.

/s/ J. Patrick Holahan, II, Esquire
J. Patrick Holahan, II, Esquire

Dated: June 1, 2009

17

| DEBORAH CHARLESTON and<br>LARRY CHARLESTON,<br>        Plaintiffs | : <br>: <br>: CIVIL ACTION NO. 08-5889 |
|---|---|

DEBORAH CHARLESTON and                :
LARRY CHARLESTON,
            Plaintiffs                 : CIVIL ACTION NO. 08-5889

            v.                         :

SALON SECRETS DAY SPA, INC.,           :
PT LASERS, LLC,
PAMELA A. TROYAN,                      :
BARBARA A. LINDNER, and
THOMAS J. BURKE, D.O.,                 :
            Defendants

## CERTIFICATION OF SERVICE

        This is to certify that in this case a complete copy of the foregoing Answer to Complaint was served upon the following persons, by Email on or about June 1, 2009:

| | |
|---|---|
| **Client:**<br>PT Lasers, LLC<br>c/o Pamela A. Troyan<br>47 Harlech Drive<br>Wilmington, DE  19807 | Email: Pam55515@aol.com |
| **Counsel for Plaintiffs:**<br>Andrew D. Swain, Esquire<br>The Swain Law Firm, P.C.<br>2410 Bristol Road<br>Bensalem, PA  19020 | Email: swain@swainlawfirm.com |
| **Counsel Thomas J. Burke, DO:**<br>E. Chandler Hosmer, III, Esquire<br>Marshall Dennehey Warner<br>Coleman & Goggin<br>620 Freedom Business Center, Suite 300<br>King of Prussia, PA  19406 | Email: echosmer@mdweg.com |
| **Counsel for Barbara A. Lindner:**<br>Glenn A. Ricketti, Esquire<br>Margolis Edelstein<br>The Curtis Center<br>170 S. Independene Mall W., Suite 400E<br>Philadelphia, PA  19026 | Email: gricketti@margolisedelstein.com |
| **Counsel for Salon Secrets and Pamela Troyan**<br>Megan Flavin, Esquire<br>Bennett, Bricklin & Saltzburg<br>1601 Market Street, 16th Floor<br>Philadelphia, PA  19103 | Email: flavin@bbs-law.com |

/s/ J. Patrick Holahan, II, Esquire
J. Patrick Holahan, II, Esquire