IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH CHARLESTON and LARRY CHARLESTON (w/h), : : : : Plaintiffs, : : v. : : SALON SECRETS DAY SPA, INC., et al., : : Defendants. : : | CIVIL ACTION No. 08-5889 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              **JUNE 24, 2009**

Presently before the Court is a Motion to Strike filed by Plaintiffs Larry and Deborah Charleston ("the Charlestons"). For the following reasons, the Motion will be granted in part and denied in part.

**I.   FACTS**

The Charlestons claim that on February 10, 2007, Deborah Charleston suffered disfiguring facial burns as a result of a laser hair removal procedure performed at Salon Secrets Day Spa, Inc. ("Salon Secrets") by Defendant Barbara Lindner ("Lindner"), a salon aesthetician. Defendant Pamela A. Troyan ("Troyan") is the owner of Salon Secrets. The Charlestons aver that Defendant PT Lasers, a limited liability company that leased the laser, is co-owned by Defendants Troyan and Dr. Thomas J. Burke, D.O. ("Dr. Burke"). The procedural history and alleged facts concerning the Charlestons' lawsuit can be found in this Court's June 1, 2009 Opinion, Charleston v. Salon Secrets Day Spa, Inc., No. 08-5889, 2009 U.S. Dist. LEXIS 45638

(E.D. Pa. June 1, 2009).

By Order accompanying that Opinion, this Court granted Defendants' Motions to Strike and denied Defendants' Motions to Dismiss. On June 1, 2009, PT Lasers filed its Answer to the Amended Complaint. The Charlestons filed the instant Motion on the following day, requesting that this Court strike numerous Paragraphs in PT Lasers's Answer which allege: 1) that the averment was directed to another Defendant;[1] 2) that Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph;[2] 3) that this is a conclusion of law;[3] and 4) that the document speaks for itself.[4] On June 22, 2009, PT Lasers responded to the Charlestons' Motion, stating the following: 1) "[i]t was inadvertent error that PT Lasers, LLC denied the existence of a written agreement between Pamela A. Troyan and Thomas J. Burke, D.O." (Def.'s Resp. Mot. Strike at 3);[5] 2) "[a]ll of the averments set forth in Plaintiffs' Amended Complaint were asked and answered by the appropriate defendants" (id.

---

[1] The Paragraphs in PT Lasers's Answer which allege that the averment was directed to another Defendant are: 4, 5, 7, 8, 10, 20, 21, 22, 23, 24, 25, 26, 43, 79, 110, 111, 112, 114, 116, 117, 118, 119, 122, 124, 126, 127, 128, 129, 130, 135, 136, 138, 139, 147, 158, 159, 160, 161, 162, 163, 167, 174, 175, 180, 183, 192, 193, 194, 196, 197, 198, 199, 200, 201, 205, 206, 207, 221, 223, 245, 246, 256, 259, 270, 309, 310 and 311.

[2] The Paragraphs in PT Lasers's Answer which allege that Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph are: 15, 16, 17, 60, 66, 82, 83, 89, 90, 91, 102, 103, 105 and 106.

[3] The Paragraphs in PT Lasers's Answer which allege that this is a conclusion of law are: 25, 73, 74, 164, 165, 216, 217, 218, 219, 220, 222, 224, 225, 236, 237, 247, 248, 312, 313, 314, 315, 316, 317 and 318.

[4] The Paragraphs in PT Lasers's Answer which allege that the document speaks for itself are: 84, 85, 86, 87, 88, 99, 100, 104, 107, 108 and 242. The Charlestons request that this Court strike these Paragraphs and deem them as admissions.

[5] Paragraph 13 of the Charlestons' Amended Complaint states: "Defendant, Pamela Troyan, and Defendant, Thomas J. Burke, D.O., entered into a written agreement where they agreed to each have a fifty percent interest in PT LASERS, LLC." (Am. Compl. at 3.) PT Lasers specifically denied this allegation in its Answer, and although the Charlestons did not include this Paragraph in their proposed Order for the Court, we will nonetheless strike it in light of PT Lasers's statement that "[i]t was inadvertent error that PT Lasers, LLC denied the existence of a written agreement" between Troyan and Dr. Burke.

at 4); and 3) "PT Lasers, LLC cannot deny the contents of the document; and therefore, when PT Lasers, LLC states 'The document speaks for itself,' this is equivalent to an admission" (id.).

**II.   DISCUSSION**

Federal Rule of Civil Procedure 12(f) states in relevant part:  "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  District courts are afforded "considerable discretion" when addressing a motion to strike.  See Woods v. ERA Med LLC, No. 08-2495, 2009 U.S. Dist. LEXIS 3965, at *32 (E.D. Pa. Jan. 21, 2009).

Federal Rule of Civil Procedure 8(b) requires denial of allegations in a complaint to "fairly respond to the substance of the allegation." FED. R. CIV. P. 8(b).  This rule also requires "short and plain" answers.  Id.  In this case, it is obvious that PT Lasers did not intend to make admissions, except with respect to Paragraph 13 (the denial of which PT Lasers now claims was "inadvertent error") and Paragraphs 84, 85, 86, 87, 88, 99, 100, 104, 107, 108 and 242 (which state "[t]he Manual is a document which speaks for itself," a phrase which PT Lasers now concedes is "equivalent to an admission").  Regarding the remaining Paragraphs, Federal Rule of Civil Procedure 1 states that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1; see also United States v. Lacks Indus., Inc., No. G87-413, 1989 U.S. Dist. LEXIS 12295, at *8-*9 (W.D. Mich. May 1, 1989) (concluding that defendant's answer sufficiently denied allegations despite containing responses such as the allegations "assert conclusions of law for which no response is required" and "Intervening Plaintiff is . . . left to their [sic] proofs").  For this reason, the Court finds that PT Lasers's Answer is sufficient to deny the plethora of remaining

allegations set forth in the Charlestons' Amended Complaint.  Accordingly, we will exercise the considerable discretion given this Court and deny the Charlestons' Motion to Strike, except with respect to Paragraph 13 and those Paragraphs stating that "[t]he Manual is a document which speaks for itself."

An appropriate Order follows.