**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

DEBORAH CHARLESTON AND      :    CIVIL ACTION
LARRY CHARLESTON              :
                                  :    NO.  08-5889
       v.                     :
                                  :
SALON SECRETS DAY SPA, INC.;     :
PT LASERS, LLC;                 :
PAMELA A. TROYAN;            :
BARBARA A. LINDNER;         :
THOMAS J. BURKE, D.O. AND     :
JOHN DOE, NOS. 1-5           :

**O R D E R**

**AND NOW**, this       day of               , 2011, upon consideration of

the motion for partial summary judgment of defendant, Barbara A. Lindner, and any responses

thereto, and good cause appearing, it is hereby ORDERED AND DECREED that summary

judgment is GRANTED, as follows:

1.     The punitive damages claims against Barbara Lindner is dismissed with prejudice.

2.     The claims in Count III alleging Consumer Fraud (UTPCPL) against Barbara Lindner are dismissed with prejudice.

3.     The claims in Count III, Paragraph 287, of the Amended Complaint alleging claims for treble damages against Barbara Lindner are dismissed with prejudice.

4.     The claims in Count IV alleging Common Law Fraud against Barbara Lindner are dismissed with prejudice.

**BY THE COURT:**

_____
ROBERT F. KELLY, SENIOR JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBORAH CHARLESTON AND LARRY CHARLESTON | : CIVIL ACTION |
| | : |
| | : NO. 08-5889 |
| v. | : |
| | : |
| SALON SECRETS DAY SPA, INC.; | : |
| PT LASERS, LLC; | : |
| PAMELA A. TROYAN; | : |
| BARBARA A. LINDNER; | : |
| THOMAS J. BURKE, D.O. AND | : |
| JOHN DOE, NOS. 1-5 | : |

**PARTIAL MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT, BARBARA A. LINDNER, REGARDING PUNITIVE DAMAGES
AND TREBLE DAMAGES CLAIMS, DISMISSAL OF COUNT III - CONSUMER
FRAUD (UTPCPL) AND COUNT IV ALLEGING COMMON LAW FRAUD**

1.      This claim arises out of a claim that the plaintiff, Deborah Charleston, sustained minor burning under her chin during a laser hair removal procedure.

2.      The laser hair removal procedure was performed by moving defendant, Barbara Lindner, an employee of defendant, Salon Secrets Day Spa, Inc. (hereinafter "Salon Secrets").

3.      Salon Secrets was wholly owned by defendant, Pamela Troyan. At all times relevant hereto, moving defendant was under the impression that defendant, Thomas J. Burke, D.O., was the medical supervisor for the salon, under which she was authorized to operate the laser hair removal equipment.

4.      Plaintiffs filed an Amended Complaint on April 30, 2009. A copy of plaintiffs' Amended Complaint is attached hereto, made a part hereof and marked as Exhibit "A".

5.      Defendant, Barbara Lindner, filed an Answer to the Amended Complaint on June 19, 2009 and denied liability. A copy of defendant's Answer is attached hereto, made part hereof and marked as Exhibit "B".

6.      On October 15, 2009 Plaintiff, Deborah Charleston, was deposed. A copy of the transcript of the deposition of Deborah Charleston is attached hereto, made a part hereof and marked as Exhibit "C".

7.     On August 5, 2010, Moving Defendant, Barbara Lindner, was deposed.  A copy of the deposition transcript of Barbara Lindner is attached hereto, made a part hereof and marked as Exhibit "D".

8.     Plaintiff claims that Ms. Lindner did not give her a consent form to sign with regard to laser hair removal treatment.  See copy of deposition transcript of plaintiff, p. 22, attached hereto as Exhibit "C".

9.     Moving Defendant, Barbara Lindner, testified that she did give the Plaintiff a consent form to sign and discussed the possible risk of hyperpigmentation.  See copy of pp. 66-67, 75-76 of Ms. Lindner's deposition testimony, a copy of which is attached as Exhibit "D".

10.     At the time of the laser hair removal treatment, moving defendant, Barbara Lindner, believed that Dr. Burke was the medical director of Salon Secrets and that she was authorized to administer laser hair removal treatment under his authority.  See pp. 133-134 of deposition testimony of Barbara Lindner, a copy of which is attached as Exhibit "D".

11.     Defendant, Pamela Troyan, was deposed on March 11, 2010 and June 9, 2010.

12.     At all times relevant hereto Pam Troyan, the owner of Salon Secrets, believed that Dr. Burke was the medical director of the salon as of the date of the incident giving rise to this matter.  See pp. 5-13 of Pamela Troyan's deposition, a copy of which is attached hereto, made a part hereof and marked as Exhibit "E".

13.     At the time of the alleged incident on February 10, 2007, Ms. Troyan did not know that Dr. Burke did not consider himself to be medical director.  See pp. 109-112 of deposition transcript of Ms. Troyan, a copy of which is attached hereto as Exhibit "E".

## A.     THE PUNITIVE DAMAGES CLAIMS SHOULD BE DISMISSED

14.     Plaintiffs allege that they are entitled to punitive damages based on the actions of defendants, Salon Secrets and Pamela Troyan.[1]  There is no evidence to support such a claim.

---

[1] See Exhibit "A" ¶¶ 289-295.

15.     This court has adopted the Pennsylvania Supreme Court standard for punitive damages. Mansamann v. Tuman, 970 F. Supp. 389 (E.D. Pa. 1997) (citing SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 493 (1991).  Punitive damages may be awarded only for conduct that is especially ***egregious or outrageous***. Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1096-97 (Pa. 1985), Medvecz v. Choi, 569 F.2d 1221 (3d Cir. 1977) (citing Restatement of Torts, Section 908 (1939)).  Punitive damages may not be awarded for misconduct, "which constitutes **ordinary negligence such as inadvertence, mistake and errors of judgment**." Martin, 494 A.2d at 1097 (emphasis added).

16.     Pennsylvania has adopted section 908 of the Restatement (Second) of Torts and accompanying comments regarding the imposition of punitive damages. Section 908(2) provides, in pertinent part:

> Punitive damages may be awarded for conduct that is outrageous,
> because of the defendant's evil motive or his reckless indifference
> to the rights of others.

Restatement of Torts (Second) § 908(2).  Comment b to this section of the Restatement states: "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others." Id.

17.     The Pennsylvania Supreme Court has reiterated the exacting standards for a plaintiff to prevail on a punitive damages claim.  "[The] assessment of punitive damages are proper when a person's actions are of such an outrageous nature as to demonstrate **intentional, willful, wanton, or reckless conduct**, and are awarded to punish that person for such conduct."(emphasis added)  Mansamann v. Tuman, 970 F. Supp. 389 (E.D. Pa. 1997) (citing SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (Pa.1991); see also Neal v. Carey Canadian Mines, Ltd., 548 F.Supp. 357, 377 (E.D. Pa.1982).

18.     If there is any negligence at issue in this case (which is denied for purposes of this motion) is it simply that – ordinary negligence on the part of Barbara Lindner, an employee of Salon

Secrets, in connection with performance of the laser hair removal service without the requisite skin test at issue. There is no evidence of any conduct of Salon Secrets or Ms. Lindner which was with evil motive or reckless indifference.

19.     Ms. Lindner admitted she did not do a skin test and did not wait the 24-48 hour period, however, she did not do so with an intent to harm or with evil or reckless motive toward plaintiff. Indeed, she had used the machine prior to the date at issue on four (4) other African American clients, including herself, in addition to plaintiff. See deposition of Barbara Lindner, Exhibit "D", at p. 37.

20.     There is no evidence that Barbara Lindner intentionally and recklessly operated the laser without being under the supervision of a medical director.

21.     Barbara Lindner was not aware that Dr. Burke's medical malpractice coverage had lapsed.

22.     The belief on the part of Barbara Linder that Dr. Burke was the medical director at the time of the incident, even if a mistaken belief, was not intentional, willful, wanton or reckless conduct necessary to support an award of punitive damages.

**WHEREFORE**, it is respectfully requested that all claims for punitive damages and treble damages be dismissed in their entirety.

## B.     COUNT III ALLEGING CONSUMER FRAUD (UTPCPL) SHOULD BE DISMISSED

23.     In Count III of their Amended Complaint, plaintiffs allege Barbara Lindner engaged in or allowed others to engage in the unauthorized practice of medicine, violating the Pennsylvania Unfair Trade Practices and Consumer Protection Law [UTPCPL].[2] Specifically, "[i]n the event Pamela Troyan did not disclose to Barbara Lindner that Dr. Burke terminated his agreement with the Spa, then Pamela Troyan is liable for concealing from her employees this information which caused Ms. Lindner to unknowingly engage in the unlawful practice of medicine."[3]

---

[2] See Exhibit "A", ¶265.

[3] See id. at ¶269. Further, that the "unfair or deceptive acts or practices resulted from both the nondisclosure of information along with the conduct of Ms. Lindner who acted as though she was approved to perform laser hair removal as a precursor to the scheduled microdermabrasion procedure." Id. at ¶278. Furthermore that plaintiff is entitled to damages under the Consumer Fraud Act and defendants are liable under the same.

24.     Additionally, plaintiffs allege "Defendant aided and/or abetted this unlawful practice by delivering a prescription medical device to a Spa and its employees, who were all unauthorized to use the device in the absence of supervision."  See pp. 283-285 of plaintiffs' Amended Complaint, a copy of which is attached hereto as Exhibit "A".

25.     Plaintiffs have no evidence Barbara Lindner committed consumer fraud under the UTPCPL.  Private actions are defined under the Act as:

> (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S §201-9.2(a).

26.     To prove liability under the UTPCPL, the plaintiff needs to present sufficient evidence that she justifiably relied upon the alleged misrepresentations made by defendants.  Specifically,  as Pennsylvania Supreme court held in <u>Weinberg v. Sun Co.</u>, 740 A.2d 1152 (Pa. Super. 1999), that "[t]o bring a private cause of action under the [Consumer Protection Law], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance."  **A justifiable reliance requires the plaintiff to show she justifiably bought the product or service because of the misrepresentations; a causal connection is not enough.**  See <u>Weinberg</u>, 777 A.2d at 445.  This standard applies to all sections of the Consumer Protection Law.  See <u>Hunt v. United States Tobacco Company</u>, 538 F.3d 217, 224 (3rd Cir. 2008).[4]

27.     In other words, plaintiff must demonstrate that common law elements of justifiable reliance in order to sustain a private cause of action under the UTPCPL.  <u>Toy v. Metropolitan Life Insurance Co.</u>, 863 A.2d 1 (Pa. Super. 2004).

---

[4] In <u>Hunt</u>, Judge Ambro of the Third Circuit stated that the Supreme Court of Pennsylvania has consistently interpreted the Consumer Protection Law's private-plaintiff standing provision causation requirement that there must be a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm.  <u>Hunt</u>, 538 F.3d at 222.

28.     There is insufficient evidence that Mrs. Charleston justifiably relied upon any representation made by Barbara Lindner regarding the laser procedure and/or presence of a medical director.  Specifically, plaintiff knew about laser hair prior to receiving it at Salon Secrets – she discussed having a laser hair removal with Dr. Vause on May 16, 2006.[5]

29.     Accordingly, plaintiff knew about and was interested in receiving laser hair removal before discussing it with Ms. Lindner.

**WHEREFORE**, it is respectfully requested that Count III of plaintiffs' Amended Civil Action Complaint alleging consumer fraud (UTPCPL) be dismissed with prejudice.

**C.     PARAGRAPH 287 OF THE AMENDED COMPLAINT CLAIMING THREEFOLD OR TREBLE DAMAGES SHOULD BE DISMISSED**

30.     Plaintiffs allege that they are entitled to treble damages because defendants breached the Consumer Fraud Act.[6]

31.     The UTPCPL statute only allows treble damages to be awarded when the act is violated, however, such an award is discretionary.  There is no basis for them in this case.

32.     In exercising their discretion to award treble damages under the Unfair Trade Practices and Consumer Protection Law, courts of original jurisdiction should focus on the presence of intentional or reckless conduct.  <u>Schwartz v. Rockey</u>, 932 A.2d 885, 593 Pa. 536 (2007).  Such conduct is clearly lacking in this case.

33.     Barbara Lindner did not intentionally practice medicine, as plaintiffs' allege, because she did not know Dr. Burke was officially no longer functioning as medical director of the Salon Secrets.[7]  At best for plaintiffs, Barbara Lindner and Salon Secrets operated under the mistaken impression that Dr. Burke was still the medical director; and there is no evidence that if he was the

---

[5]  See deposition of plaintiff, Exhibit "C",  N.T. 67, 68-69.

[6]  See Exhibit "A", ¶287.

[7]  Ms. Troyan testified that she did not recall Dr. Burke informing her that he was resigning as medical director until December 2007.  See deposition of Pamela Troyan, Exhibit "E", N.T. 200-03, Exhibit "F", N.T. 346-347.  She may have known he intended to resign, but not that he was no longer in that role.  Particularly because he continued to come to the spa to pick up and drop off the machine; and he shared the device equally with Salon Secrets.

medical director that the outcome in this case would have been any different. Therefore, the absence of a medical director is no a basis for treble damages.

34. Equally important, the alleged conduct at issue of Ms. Lindner, an employee of Salon Secrets, is not indicative of anything other than the negligent use of the laser device. The record is devoid of evidence that would demonstrate Ms. Troyan, Ms. Lindner or any other Salon Secrets employee acted with intentional or reckless conduct toward the plaintiff. See pp. 200-203 of deposition transcript of Pamela Troyan, attached as Exhibit "E"

**WHEREFORE**, it is respectfully requested that paragraph 287 of plaintiffs' Amended Civil Action Complaint claiming three-fold or treble damages be dismissed with prejudice.

**D.** **COUNT IV ALLEGING COMMON LAW FRAUD SHOULD BE DISMISSED**

35. Plaintiffs' also allege that Barbara Lindner failed to disclose the risks of the procedure, the need for a skin test and the need for a medical director. Further, that the defendants' affirmative representations and/or silence was fraudulent and intentional. Also, that the disclosure of this information to the plaintiff would have been material to the decision of the plaintiff and the plaintiff would not have agreed to the hair removal procedure. See plaintiffs' Amended Complaint, pp. 289-295, attached hereto as Exhibit "A".

36. The elements of common law fraud are: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury was proximately caused by the reliance. Zaborowski v. Hospitality Care Center of Hermitage Inc., 2002 WL 32129508 (Mercer Cty 2002) (citing Gibbs v. Ernst, 538 Pa. 193, 647 A.2d 882, 889 (1994)).

37. A misrepresentation, however, must be distinguished from puffery. Id., see Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 103, 337 A.2d 893, 903 (1975). Puffery is "an exaggeration or overstatement expressed in broad, vague and commendatory language." Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 945 (3d Cir. 1993).

38.     Such speech is "offered and understood as an expression of the seller's opinion only, which is to be discounted as such by the buyer, and on which no reasonable [person] would rely." Id., W. Page Keeton, Prosser and Keeton on the Law of Torts §109 at 757 (5th ed. 1984). "It is common knowledge and may always be assumed that any seller will express a favorable opinion concerning what he has to sell; and when he praises it in general terms, without specific content or reference to facts, buyers" understand that they cannot literally rely upon such representations. Restatement (Second) of Torts §542 cmt. e (1978).

39.     For example, in Huddleston v. Infertility Center of America Inc., 700 A.2d 453 (Pa. Super. 1997) the fertility center claimed it was the "premier surrogacy program in the country." The court held such a statement constituted puffery with no legal consequence. Id. Accordingly, in Zaborowski, supra, the plaintiff claimed to have relied on the representation of the defendant skilled care nursing home in the letter which stated: "[a]s always, our priority is to provide quality care and to provide a safe and comfortable environment to our residents." This statement was deemed elusive and did not constitute a representation. Rather, it was puffery. Zaborowski, 2002 WL 32129508.

40.     Likewise, here there is no evidence that plaintiff justifiably relied upon any representation made by Ms. Troyan or of Ms. Lindner of Salon Secrets regarding the laser service and/or the presence of a medical director.

41.     Plaintiff knew about laser hair removal before undergoing any services at Salon Secrets; she was not relying on any supposed misrepresentation made by Pamela Troyan or Barbara Lindner of Salon Secrets that compelled her to have the service. See copy of deposition transcript of plaintiff, pp. 68-70, attached as Exhibit "C".

42.     Plaintiff was not enticed to the salon because she saw any representation regarding the medical director. In fact, she testified she had no knowledge of Dr. Burke. See copy of deposition transcript of plaintiff, pp. 114-115, attached as Exhibit "C".

43.     Ms. Lindner lacked any intent to mislead plaintiff about the laser service or Dr. Burke's status as medical director.

44.     Last, there is simply no evidence that the alleged injury was proximately caused by any representation and/or justifiable reliance thereon.

**WHEREFORE**, it is respectfully requested that Count IV of plaintiffs' Amended Civil Action Complaint alleging common law fraud be dismissed with prejudice.

**MARGOLIS EDELSTEIN**

BY: */s/ Glenn A. Ricketti*_____
     GLENN A. RICKETTI, ESQUIRE
     Attorney for Defendant, Barbara A. Lindner
     I.D. No. 41052
     The Curtis Center
     Suite 400E
     170 S. Independence Mall W.
     Philadelphia, PA 19106
     215-931-5817

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEBORAH CHARLESTON AND | : | CIVIL ACTION |
| LARRY CHARLESTON | : | |
| | : | NO.  08-5889 |
| v. | : | |
| | : | |
| SALON SECRETS DAY SPA, INC.; | : | |
| PT LASERS, LLC; | : | |
| PAMELA A. TROYAN; | : | |
| BARBARA A. LINDNER; | : | |
| THOMAS J. BURKE, D.O. AND | : | |
| JOHN DOE, NOS. 1-5 | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION FOR
SUMMARY JUDGMENT OF DEFENDANT, BARBARA A. LINDNER, REGARDING
PUNITIVE DAMAGES AND TREBLE DAMAGES CLAIMS, DISMISSAL OF COUNT III -
CONSUMER FRAUD (UTPCPL) AND COUNT IV ALLEGING COMMON LAW FRAUD**

**I.      INTRODUCTION**

This case arises out of a chin and jaw laser hair removal service of February 10, 2007.

Plaintiff Deborah Charleston claims she sustained burns.  Defendants maintain they have healed.

The pertinent issues are whether an employee of Salon Secrets Day Spa, Inc. [hereinafter "Salon

Secrets"], Barbara Lindner, an esthetician, was negligent in the performance of the service; and

if so, whether Thomas J. Burke, D.O. was vicariously responsible as the supervising medical

director of Salon Secrets, which he denies, claiming he resigned effective April, 2006.

**A.      The Punitive Damages Claims Should Be Dismissed**

Since there is no evidence of intentional, outrageous or reckless misconduct on the part of

Salon Secrets, Ms. Lindner, its employee, or Ms. Troyan, individually, the punitive damages claims

should be dismissed.

**C.      Count III Alleging Consumer Fraud (UTPCPL) Should Be Dismissed**

Plaintiff was neither enticed to have the laser service nor did she rely on a representation

on the website of Salon Secrets or by Ms. Troyan or Ms. Lindner about the laser service or

Dr. Burke being medical director in connection with her decision to have the service.

In the alternative, no claim exists against a salon and salon owner for a violation of the UTPCPL under the allegations of this case that an improper and/or unsupervised medical procedure was performed, or for fraud as set forth in Count IV.

**D. Paragraph 287 of the Amended Complaint Claiming Threefold or Treble Damages Should be Dismissed**

Since there is insufficient evidence of intentional, outrageous or reckless misconduct or conduct to support a claim for punitive damages, threefold or treble damages under the UTPCPL should be dismissed.

**E. Court IV Alleging Common Law Fraud Should Be Dismissed**

No misrepresentations material to the transaction (plaintiff's decision to purchase laser hair removal services) was made that plaintiff relied upon. In fact, all plaintiff knew before she had the service was that Ms. Lindner recommended it – there was no discussion about Dr. Burke or Ms. Lindner's qualifications or the risks of the service per the plaintiff. Therefore, this common law fraud count should be dismissed.

## II.     FACTS

Plaintiff claims to have sustained burns to the underside of her chin during a laser hair removal procedure that occurred on February 10, 2007. The procedure was being performed by moving defendant, Barbara Lindner, an employee of Salon Secrets Day Spa, Inc. The burns have since healed, with the exception of some minor pigmentation changes to plaintiff's skin.

## III.    ARGUMENT

**A.     Standard for Summary Judgment**

Summary Judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment under Rule 56, "the test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir.

1999) (citing <u>Armbruster v. Unisys Corp</u>., 32 F.3d 768, 777 (3d Cir. 1994)). "The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one sided that one party must, as a matter of law, prevail over the other." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). On a motion for summary judgment, the facts should be reviewed in the light most favorable to the nonmoving party. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," <u>Matsushita</u>, 475 U.S. at 586, and must produce more than a "mere scintilla" of evidence to demonstrate a genuine issue of material fact in order to avoid summary judgment. <u>See</u> <u>Big Apple BMW, Inc. v. BMW of North America, Inc</u>., 974 F.2d 1358, 1363 (3d Cir. 1992). The nonmoving party cannot rest upon the allegations in their pleadings in response to a motion for summary judgment. Instead, a party opposing summary judgment must "go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." <u>In re</u> <u>TMI</u>, 89 F.3d 1106, 1116 (3d Cir. 1996) (citing <u>Celotex Corp</u>., 477 U.S. at 324 (1986)). The plaintiffs here do not have sufficient evidence that an issue of material fact exits.

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the nonmoving party.'" <u>Compton v. Nat'l League of Professional Baseball Clubs</u>, 995 F. Supp. 554, 561 n.14 (E.D. Pa 1998).

Based upon the authorities discussed below and the relevant undisputed facts, the within motion should be granted.

**B. The Punitive Damages Claims Should Be Dismissed**

There is no evidence that the actions of Barbara Lindner were intentional, willful, wanton or reckless. Thus, plaintiffs shall not be entitled to punitive damages. This court has adopted the Pennsylvania Supreme Court standard for punitive damages. See <u>Mansamann v. Tuman</u>, 970 F. Supp. 389 (E.D. Pa. 1997) (citing <u>SHV Coal, Inc. v. Continental Grain Co.</u>, 526 Pa. 489, 493 (1991). Under Pennsylvania law, punitive damages may be awarded only for conduct that is especially ***egregious or outrageous***. <u>Martin v. Johns-Manville Corp.</u>, 508 Pa. 154, 494 A.2d 1088, 1096-97 (Pa.1985), <u>Medvecz v. Choi</u>, 569 F.2d 1221 (3d Cir. 1977) (citing Restatement of Torts, Section 908 (1939)). Pennsylvania has adopted § 908 of the Restatement (Second) of Torts and accompanying comments regarding the imposition of punitive damages. Section 908(2) provides:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.

Restatement of Torts (Second) § 908(2). Comment b to this section of the Restatement states:

> "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others." <u>Id.</u>

The Pennsylvania Supreme Court has reiterated the exacting standards for a plaintiff to prevail on a punitive damages claim. "[The] assessment of punitive damages are proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct, and are awarded to punish that person for such conduct." <u>Mansamann v. Tuman</u>, 970 F. Supp. 389 (E.D. Pa. 1997)(citing <u>SHV Coal, Inc. v. Continental Grain Co.</u>, 526 Pa. 489, 587 A.2d 702, 704 (Pa.1991); see also <u>Neal v. Carey Canadian Mines, Ltd.</u>, 548 F.Supp. 357, 377 (E.D. Pa. 1982). Importantly, punitive damages may not be awarded for misconduct, "which constitutes **ordinary negligence such as inadvertence, mistake and errors of judgment**." <u>Martin</u>, 494 A.2d at 1097 (emphasis added).

Punitive damages should not be awarded to plaintiffs because Barbara Lindner did not demonstrate intentional misconduct, or any evil motive or reckless indifference. Plaintiffs allege that Ms. Troyan operated the spa with medical services without a medical director. It was both Ms. Troyan's and Ms. Lindner's belief that at the time of the incident, February 2007, Dr. Burke was

still acting as the medical director.[8]  The fact that he continued to share the device with Salon Secrets and he still had a key to the salon and visited Salon Secrets to pick up the laser device through 2007 suggests that he was still the medical director.[9]

Furthermore, there is no evidence that there were any practices of Salon Secrets or Barbara Lindner which could be classified as having an evil motive or reckless indifference to Mrs. Charleston.  The salon had procedures and practices in place such as consent forms and information on treatments, which were to be provided to clients.[10]  In addition, employees were trained extensively on how to use the equipment.[11]  Even if Ms. Lindner were to be found to have acted in an negligent  manner as an employee of the salon, she did by no way act in an intentional, willful, wanton or reckless manner.

Accordingly, the court should grant summary judgment in favor of Barbara Lindner and dismiss with prejudice the claims for punitive damages.

**D.** **Count III Alleging Consumer Fraud (UTPCPL) Should Be Dismissed**

Count III of the Amended Complaint should be dismissed because plaintiffs do not have sufficient evidence that the Salon Secrets or Pamela Troyan committed consumer fraud under the UTPCPL.  Private actions are defined under the Act in 73 P.S. 201-9.2(a) as:

> (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S §201-9.2(a).  To prove liability under the UTPCPL, the plaintiff needs to present sufficient evidence that she justifiably relied upon the alleged misrepresentations made by defendants; a causal connection is not enough.  Specifically, as Pennsylvania Superior Court held in <u>Weinberg v.</u>

---

[8]  See deposition  of Pamela Troyan, Exhibit "F", N.T. 345-347.

[9]  See deposition of Dr. Burke, Exhibit "H", N.T. 189.

[10]  See deposition of Pamela Troyan, Exhibit "E", N.T. 175, see also deposition of Barbara Lindner, Exhibit "D", N.T. 66.

[11]  See deposition of Barbara Lindner, Exhibit "D", N.T. 19-20.  See also deposition of Dr. Burke, Exhibit "G", N.T. 19, 21-24.  See also deposition of Mark Carpenter, Exhibit "J", N.T. 21-24.

Sun Co., 740 A.2d 1152 (Pa. Super. 1999), that "[t]o bring a private cause of action under the [Consumer Protection Law], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." **A justifiable reliance requires the plaintiff to show she justifiably bought the product because of the misrepresentations; a causal connection is not enough.** See Weinberg, 777 A.2d at 445. This standard applies to all sections of the Consumer Protection Law. See Hunt v. United States Tobacco Company, 538 F.3d 217, 224 (3ʳᵈ Cir. 2008).

Specifically, a plaintiff must demonstrate that common law elements of justifiable reliance in order to sustain a private cause of action under the UTPCPL. Toy v. Metropolitan Life Insurance Co., 863 A.2d 1 (Pa. Super. 2004). In Hunt, Judge Ambro of the Third Circuit stated that the Supreme Court of Pennsylvania has consistently interpreted the Consumer Protection Law's private-plaintiff standing provision causation requirement that there must be a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm.[12]

There is insufficient evidence that Mrs. Charleston justifiably relied upon any representation made by Barbara Lindner, Pamela Troyan or Salon Secrets regarding the laser procedure and/or presence of a medical director. Specifically, plaintiff decided on her own accord to seek out or try laser hair removal prior to receiving it at Salon Secrets. She discussed with Dr. Vause on May 16, 2006 that she may possibly want laser hair removal.[13] Accordingly, she knew about and considered laser hair removal before going to Salon Secrets.

There is no evidence on record that Ms. Lindner represented anything in particular to plaintiff about the laser hair removal that was false.

---

[12] Accordingly, the Third Circuit held the plaintiff did not adequately allege that he justifiably relied on the defendant's deception because he did not allege the deception induced him to purchase the product. Id. at 227. The court stated that although the plaintiff alleges that he and the class relied on the presumption they were paying prices set by an efficient market, he does not show how knowledge that the market was inefficient would change his mind. Id. The court held the private consumer was required to show justifiable reliance in the defendant's alleged deception and there is not a presumption of justifiable reliance. Id. at 228.

[13] See deposition of plaintiff, Exhibit "C", N.T. 67.

Also important, there is no evidence of any justifiable reliance of plaintiff on any advertising about the laser services on the Salon Secrets website or elsewhere. Plaintiff testified she was not enticed to go to the salon because she read anything on the Salon's website regarding laser services or medical director.[14] She also did not see any business cards or literature about any physician on the reception desk,[15] nor did any employee at the salon tell her that Dr. Burke was medical director.[16]

In the alternative, the UTPCLP is not applicable to claims against a salon and a salon owner under the UTPCPL based on the allegations that an improper and/or unsupervised medical procedure was performed. Consumer protection laws were designed to thwart bushiness fraud in the statutory sense. <u>Pirozzi v. Penske Olds-Cadillac-GMS, Inc.</u>, 605 A.2d 373, 413 Pa. Super. 308, *app. den.* 616 A.2d 985, 532 Pa. 665 (1992).

The Pennsylvania UTPCPL <u>does not</u> provide for a right of action against providers of professional services such as laser hair removal. *See e.g.* <u>Foflygen v. R. Zemel, M.D., (P.C.), et al.</u>, 615 A.2d 1348 (Pa. Super. 1992); <u>Gatten v. Merzi</u>, 397 Pa. Super. 148 (1990). Because such laws are inapplicable to the provision of medical services, and plaintiffs alleged that the procedure at issue was a medical procedure performed under the supervision of Dr. Burke, plaintiffs' claim must fail for this additional reason.

### E. Paragraph 287 of the Amended Complaint Claiming Threefold or Treble Damages Should be Dismissed

If plaintiffs' claims under the UTPCPL are dismissed, plaintiff is not entitled to treble damages. The UTPCPL statute does allow for treble damages to be awarded when the act is violated, however awarding treble damages is discretionary. The court should not award them here. In exercising their discretion to award treble damages under the UTPCPL, courts should focus on the presence of intentional or reckless conduct. <u>Schwartz v. Rockey</u>, 932 A.2d 885, 593 Pa. 536 (2007).

---

[14] See deposition of plaintiff, Exhibit "C", N.T. 110.

[15] <u>Id.</u> at N.T. 110.

[16] <u>Id.</u> at N.T.115.

With that in mind, there is no evidence of record that Barbara Lindner, Pamela Troyan or Salon Secrets exhibited any intentional or reckless, wrongful conduct. Plaintiffs claim moving defendants were reckless because the Salon operated with medical services without a medical doctor. However, Ms. Troyan and Barbara Lindner were not aware Dr. Burke was not currently acting as a medical director. Although she knew he was resigning, she did not know he no longer held a valid Pennsylvania license and did not work at the salon as a medical director until after the incident of February, 2007. In addition, employees of Salon Secrets also believed he continued to be medical director.[17] Additionally, Dr. Burke even acted as though he were currently the medical director as he discussed the incident with Ms. Troyan.[18] Through the end of 2006 and 2007 he shared the laser device with Salon Secrets, retained and used a key to pick up and drop the device at Salon Secrets.[19]

Equally important, the salon had polices and procedures in place to ensure safe practice. No one disputes there was a skin test procedure that must be performed; and that patients were to complete a consent form.[20] Ms. Lindner admits that she did not wait 24-48 hours to conduct a skin test, which could be construed as negligent, but not reckless.[21] The salon had their policies and procedure in place to ensure safe practice. As such, the record is devoid of any evidence that the conduct of Barbara Lindner, Salon Secrets or Pamela Troyan was intentional, willful, wanton or reckless conduct.

---

[17] See deposition of Barbara Lindner, Exhibit "D", N.T. 46-47. Ms. Lindner evidenced her belief after performing plaintiff's treatment because she immediately called Dr. Burke. See also depositions of Stephanie Burns, Exhibit "K", N.T. 39-40 and Kim Lancashire, Exhibit "L", N.T. 44.

[18] See deposition of Pamela Troyan, Exhibit "E", N.T. 42-46.

[19] See deposition of Dr. Burke, Exhibit "H", N.T. 189.

[20] See deposition of Barbara Lindner, Exhibit "D", N.T. 98-99, see also deposition of Pamela Troyan, Exhibit "E", N.T. 49-50.

[21] See deposition of Barbara Lindner, Exhibit "D", N.T. 98-99.

**F.    Count IV Alleging Common law Fraud Should Be Dismissed**

The elements of common law fraud are: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury was proximately caused by the reliance. Zaborowski v. Hospitality Care Center of Hermitage Inc., 2002 WL 32129508 (Mercer Cty 2002) (citing Gibbs v. Ernst, 538 Pa. 193, 647 A.2d 882, 889 (1994)). A misrepresentation, however, must be distinguished from puffery. Id. See Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 103, 337 A.2d 893, 903 (1975). Puffery is "an exaggeration or overstatement expressed in broad, vague and commendatory language." Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 945 (3d Cir. 1993). Such speech is "offered and understood as an expression of the seller's opinion only, which is to be discounted as such by the buyer, and on which no reasonable [person] would rely." Id., W. Page Keeton, Prosser and Keeton on the Law of Torts §109 at 757 (5th ed. 1984). "It is common knowledge and may always be assumed that any seller will express a favorable opinion concerning what he has to sell; and when he praises it in general terms, without specific content or reference to facts, buyers" understand that they cannot literally rely upon such representations. Restatement (Second) of Torts §542 cmt. e (1978).

In Zaborowski, supra, the Court of Common Pleas of Mercer County cited Huddleston v. Infertility Center of America Inc., 700 A.2d 453 (Pa. Super. 1997). The fertility center claimed it was the "premier surrogacy program in the country." The Huddleston court held such a statement constituted puffery with no legal consequence. Id. Similarly, in Zaborowski the plaintiff's reliance on the defendants' representation was not justifiable where it stated: "[a]s always, our priority is to provide quality care and to provide a safe and comfortable environment to our residents." This statement was deemed elusive and did not constitute a representation. Rather, it was puffery. See Zaborowski, 2002 WL 32129508.

There is no evidence that plaintiff justifiably relied upon any representation made by Salon Secrets regarding the laser service or the status of Dr. Burke as medical director. Plaintiff was not enticed to go to the salon and get the laser hair service because she read anything on the Salon's website.[22] She also did not see any business cards of any physician on the reception desk.[23] She was aware of the service prior to February 10, 20007. She discussed it with Dr. Vause on May 16, 2006.[24]

The fact that she may have seen a sign in the reception area that mentioned Dr. Burke does not compel the denial of this motion. She did not remember what this sign said.[25] In fact, she could not recall if the sign was there on February 10, 2007.[26]

As it relates to Barbara Lindner, the elements of Common Law Fraud are not satisfied because Ms. Lindner did not have the intent to mislead. At the time of plaintiff's treatment, it was Ms. Lindner's understanding and belief that the Harmony Laser was being used according to regulations and the Salon's procedures. Ms. Troyan testified that she believed it was acceptable for the physician/medical director to be off site when an esthetician used a laser to perform hair removal.[27] It was not until on or about December 8, 2007 that she recalls having a conversation with Dr. Burke during which she learned his licensed in Pennsylvania had lapsed so he could no longer be medical director.[28] She testified that prior to this phone call, she did not know or have a suspicion that Dr. Burke did not have a medical license in Pennsylvania nor that her employees could not use the Harmony device without a medical director.[29] Accordingly, Barbara Lindner did not possess the requisite knowledge to make any misrepresentation.

---

[22] See deposition of plaintiff, Exhibit "C", N.T. 110.

[23] Id. at N.T. 110.

[24] Id. at N.T. 67.

[25] Id. at N.T. 111-112.

[26] Id. at 113-114

[27] See deposition of Pamela Troyan, Exhibit "E", N.T. 200-204.

[28] Id. at N.T. 234.

[29] See deposition of Pamela Troyan, Exhibit "E", N.T. 26-27.

Last, there is simply no evidence that the alleged injury was proximately caused by any alleged representation and/or justifiable reliance. Even if Dr. Burke was the medical director the outcome would not have been any different. There is no evidence that Ms. Lindner would have consulted him prior to the service.

Thus, Barbara Lindner did not make any misrepresentations to plaintiff and summary judgment of Count IV, common law fraud is appropriate.

## V.    RELIEF

_____For the reasons stated herein above, summary judgment is appropriate with regard to Barbara Lindner since there is insufficient evidence with regard to the claims of consumer fraud under the UTPCPL, common law fraud, treble and punitive damages with regard to Barbara Lindner.

**MARGOLIS EDELSTEIN**

BY: */s/ Glenn A. Ricketti*_____
   GLENN A. RICKETTI, ESQUIRE
   Attorney for Defendant, Barbara A. Lindner
   I.D. No. 41052
   The Curtis Center
   Suite 400E
   170 S. Independence Mall W.
   Philadelphia, PA 19106
   215-931-5817

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PA**

| | |
|---|---|
| DEBORAH CHARLESTON AND | : CIVIL ACTION |
| LARRY CHARLESTON | : |
| | : NO. 08-5889 |
| v. | : |
| | : |
| SALON SECRETS DAY SPA, INC.; | : |
| PT LASERS, LLC; | : |
| PAMELA A. TROYAN; | : |
| BARBARA A. LINDNER; | : |
| THOMAS J. BURKE, D.O. AND | : |
| JOHN DOE, NOS. 1-5 | : |

## CERTIFICATE OF SERVICE

The undersigned certifies that this document has been filed electronically and is available

for viewing and downloading from the ECF System.  Service is thereby made on:

Andrew D. Swain, Esquire
THE SWAIN LAW FIRM, P.C.
2410 Bristol Road
Bensalem, PA 19020

E. Chandler Hosmer, Esquire
MARSHALL, DENNEHEY, WARNER,
  COLEMAN & GOGGIN
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

Victoria M. Komarnicki, Esquire
BENNETT BRICKLIN & SALTZBURG
1601 Market Street
16th Floor
Philadelphia, PA 19103

J. Patrick Holahan, II, Esquire
J. PATRICK HOLAHAN, II & ASSOCIATES, P.C.
113 South Broad Street
P.O. Box 818
Kennett Square, PA 19348-0818

**MARGOLIS EDELSTEIN**

BY: */s/ Glenn A. Ricketti*
        GLENN A. RICKETTI, ESQUIRE
        Attorney for Defendant, Barbara A. Lindner
        I.D. No. 41052
        The Curtis Center
        Suite 400E
        170 S. Independence Mall W.
        Philadelphia, PA 19106
        215-931-5817

DATE: 01/20/2011